UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Ronald S. Restrepo,
Jose M. Ruiz,
and other similarly situated individuals,

      Plaintiffs,

v.

Astoria44, LLC,
Orlando Martinez,
And Arlene Martinez, individually,

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiffs Jose M. Ruiz, Ronald S. Restrepo, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Astoria44, LLC, Orlando Martinez, and Arlene Martinez, individually and allege:

Jurisdiction Venues and Parties

This is an action to recover money damages for unpaid overtime wages and retaliation under United States laws. Accordingly, this Court has jurisdiction

pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

1. Plaintiffs Jose M. Ruiz and Ronald S. Restrepo are residents of Seminole County and Orange County, Florida, within this Honorable Court jurisdiction and are otherwise sui juris Plaintiffs are covered employees for purposes of the Act.

2. Defendant Astoria44, LLC (from now on, Astoria44, or Defendant) is a Florida Profit Corporation having a business in Orange County, Florida.

3. Individual Defendants Orlando Martinez and Arlene Martinez are the owners/partners/ managers of Defendant Corporation Astoria44. These individual Defendants are the Employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this complaint occurred in Orange County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

5. This cause of action is brought by Plaintiffs Jose M. Ruiz and Ronald S. Restrepo as a collective action to recover from the Defendants overtime wages, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as

amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after November 2021, (the "material time") without being adequately compensated.

6. Defendant Astoria44 is a construction company doing business in Orange County, where Plaintiffs worked.

7. Defendant Astoria44 was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction Company. Defendant had more than two employees recurrently engaged in commerce or producing goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs and those similarly situated through their daily activities regularly participated in interstate commerce by handling and working on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

9. Defendants Astoria44, Orlando Martinez, and Arlene Martinez employed Plaintiffs Jose M. Ruiz and Ronald S. Restrepo as non-exempted, full-time construction employees.

10. <u>1.- Claim of Plaintiff Jose M. Ruiz.-</u> Defendants employed Plaintiff Jose M. Ruiz from on or about November 01, 2021, to December 26, 2022, or 60 weeks. However,  for FLSA purposes, Plaintiff's relevant employment period is  58 weeks. Plaintiff did not work overtime hours after December 13, 2022.

11. Plaintiff had duties as a lead construction worker. At the time of hiring, Defendants set a salary of $1,500.00 weekly covering 40 hours of work weekly. However, Plaintiff was required to work more than 40 hours weekly. Defendants never paid Plaintiff for overtime hours, as required by law.

12. During his employment with Defendants, Plaintiff Jose M. Ruiz worked as follows:

13. 1.- From November 01, 2021, to August 9, 2022, or 40 weeks.- Plaintiff worked five days per week, from Monday to Friday, from 8:30 AM to 7:00 PM (10.5 hours daily). Plaintiff worked a total of 50 hours weekly. Plaintiff has already deducted 2.5 hours of lunchtime.

14. 2.- From August 10, 2022, to December 13, 2022, or 18 weeks.- Plaintiff worked six days per week, from Monday to Saturday, from 7:30 AM to 12:00 AM (16.5 hours daily), or 96 hours weekly. Plaintiff has already deducted 3 hours of lunchtime.

15. 2.- Claim of Plaintiff Ronald S. Restrepo.- Defendants employed Plaintiff Ronald S. Restrepo from on or about June 01, 2022, to December 26, 2022, or 30 weeks. However,  for FLSA purposes, Plaintiff's relevant employment period is  28 weeks. Plaintiff did not work overtime hours after December 13, 2022.

16. Plaintiff had duties as a construction worker. At the time of hiring, Defendants set a salary of $1,000.00 weekly covering 40 hours of work weekly. However, Plaintiff was required to work more than 40 hours weekly. Defendants never paid Plaintiff for overtime hours. as required by law.

17. During his employment with Defendants, Plaintiff worked as follows:

18. 1.- From June 01, 2021, to August 9, 2022, or 10 weeks.- Plaintiff worked five days per week, from Monday to Friday, from 8:30 AM to 7:00 PM (10.5 hours daily). Plaintiff worked a total of 50 hours weekly. Plaintiff has already deducted 2.5 hours of lunchtime.

19. 2.- From August 10, 2022, to December 13, 2022, or 18 weeks.- Plaintiff worked six days per week, from Monday to Saturday, from 7:30 AM to 12:00 AM (16.5 hours daily), or 96 hours weekly. Plaintiff has already deducted 3 hours of lunchtime.

20. While employed by Defendants, Plaintiffs Jose M. Ruiz and Ronald S. Restrepo worked a tremendous amount of overtime hours, but they were not paid for overtime hours, at any rate, not even at the minimum wage rate as required by law.

21. There were many days in which Plaintiffs worked later than 12:00 AM, and they slept at the job site because they did not have time to go home.

22. Plaintiffs did not clock in and out, but Defendants were in complete control of Plaintiffs' schedule, and they knew that Plaintiffs were working many overtime hours without appropriate compensation.

23. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

24. Plaintiffs were paid bi-weekly by direct deposit, without paystubs providing information about the number of days and hours worked, wage rate paid, employee taxes withheld etc.

25. Plaintiffs complained many times about the excess number of overtime hours worked without remuneration.

26. On or about December 23, 2022, Plaintiff Jose M. Ruiz, acting on behalf of himself and Plaintiff Ronald S. Restrepo, complained to owner Orlando Martinez about unpaid overtime wages and demanded to be paid for overtime hours.

27. As a result of Plaintiffs' complaint, Defendants fired Plaintiffs Jose M. Ruiz and Ronald S. Restrepo on or about December 26, 2022.

28. At times mentioned, individual Defendants Orlando Martinez and Arlene Martinez were the owners/partners, and directed operations of Astoria44. Defendant Orlando Martinez and Arlene Martinez were the Employer of Plaintiffs and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in Astoria44's interests concerning its employees, including Plaintiffs and others similarly situated. Defendant Orlando Martinez and Arlene Martinez had financial and operational control of the business, provided Plaintiffs with their work schedule, and they are jointly and severally liable for Plaintiffs' damages.

29. Plaintiffs are not in possession of time and payment records, but they will provide a good faith estimate about their unpaid working hours.

30. Plaintiffs Jose M. Ruiz and Ronald S. Restrepo seek to recover overtime wages, retaliatory damages, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

31. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act") Section 216 (b) for jurisdictional placement.

32. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for every overtime hour as required by the FLSA.

33. This action is intended to include every construction worker and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

34. Plaintiffs Jose M. Ruiz and Ronald S. Restrepo re-adopt every factual allegation as stated in paragraphs 1-34 above as if set out in full herein.

35. This action is brought by Plaintiffs Jose M. Ruiz and Ronald S. Restrepo and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages,

costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

36. Defendants Astoria44, Orlando Martinez, and Arlene Martinez employed Plaintiffs Jose M. Ruiz and Ronald S. Restrepo as non-exempted, full-time construction employees.

37. <u>1.- Claim of Plaintiff Jose M. Ruiz.-</u> Defendants employed Plaintiff Jose M. Ruiz from on or about November 01, 2021, to December 26, 2022, or 60 weeks. However,  for FLSA purposes, Plaintiff's relevant employment period is  58 weeks. Plaintiff did not work overtime hours after December 13, 2022.

38. Plaintiff had duties as a lead construction worker. At the time of hiring, Defendants set a salary of $1,500.00 weekly covering 40 hours of work weekly. However, Plaintiff was required to work more than 40 hours weekly.

39. During his employment with Defendants, Plaintiff Jose M. Ruiz worked as follows:

40. 1.- From November 01, 2021, to August 9, 2022, or 40 weeks.- Plaintiff worked five days per week, from Monday to Friday, a total of 50 hours weekly. Plaintiff has already deducted 2.5 hours of lunchtime.

41. 2.- From August 10, 2022, to December 13, 2022, or 18 weeks.- Plaintiff worked six days per week, a total of 96 hours weekly. Plaintiff has already deducted 3 hours of lunchtime.

42. <u>2.- Claim of Plaintiff Ronald S. Restrepo.-</u> Defendants employed Plaintiff Ronald S. Restrepo from on or about June 01, 2022, to December 26, 2022, or 30 weeks. However,  for FLSA purposes, Plaintiff's relevant employment period is  28 weeks. Plaintiff did not work overtime hours after December 13, 2022.

43. Plaintiff had duties as a construction worker. At the time of hiring, Defendants set a salary of $1,000.00 weekly covering 40 hours of work weekly. However, Plaintiff was required to work more than 40 hours weekly. Defendants never paid Plaintiff for overtime hours. as required by law.

44. During his employment with Defendants, Plaintiff worked as follows:

45. 1.- From June 01, 2021, to August 9, 2022, or 10 weeks.- Plaintiff worked five days per week, a total of 50 hours weekly. Plaintiff has already deducted 2.5 hours of lunchtime.

46. 2.- From August 10, 2022, to December 13, 2022, or 18 weeks.- Plaintiff worked six days per week, a total of 96 hours weekly. Plaintiff has already deducted 3 hours of lunchtime.

47. While employed by Defendants, Plaintiffs Jose M. Ruiz and Ronald S. Restrepo worked a tremendous amount of overtime hours, but they were not paid for overtime hours, at any rate, not even at the minimum wage rate as required by law.

48. Plaintiffs did not clock in and out, but Defendants were in complete control of Plaintiffs' schedule, and they knew that Plaintiffs were working many overtime hours without appropriate compensation.

49. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

50. Plaintiffs were paid bi-weekly by direct deposit, without paystubs providing information about the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

51. Defendants fired Plaintiffs Jose M. Ruiz and Ronald S. Restrepo on or about December 26, 2022, after they complained about unpaid overtime wages.

52. The records, if any, concerning the number of hours worked by Plaintiffs and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class, upon information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

53. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

54. Plaintiffs are not in possession of time and payment records. Still, before the completion of discovery, they will provide a good faith estimate of unpaid overtime wages based on their best knowledge. Plaintiffs will adjust their statement of claim according to discovery.

55.       **1.- Overtime Claim of Plaintiff Jose M. Ruiz**

   a. Total amount of alleged unpaid O/T wages:

   Thirteen Thousand Eight Hundred Eighty-Two Dollars and 56/100 ($13,882.56)

    b.  <u>Calculation of such wages</u>:

       Total weeks of employment:  60 weeks
       Total relevant number of weeks: 58 weeks
       Salary: $1,500.00 weekly

       i.    Overtime from November 01, 2021, to August 9, 2022, or 40 weeks
              Relevant weeks: 40 weeks
              Total number of days worked: 5 days
              Total number of hours worked: 50 hours weekly
              Total number of unpaid O/T hours: 10 O/T hours weekly
              Salary paid: $1,500.00 weekly : 50 hours=$30.00
              Reg. rate: $30.00 x 1.5=$45.00 O/T rate-$30.00 rate paid=$15.00
              Half-time: $15.00 an O/T hour

              $15.00 x 10 O/T hours=$150.00 weekly x 40 weeks=6,000.00

       ii.   Overtime from August 10, 2022, to December 13, 2022, or 18 weeks
              Relevant weeks: 18 weeks
              Total number of days worked: 6 days
              Total number of hours worked: 96 hours weekly
              Total number of unpaid O/T hours: 56 O/T hours weekly
              Salary paid: $1,500.00 weekly:96 hours=$15.63
              Reg. rate: $15.63 x 1.5=$23.45 O/T rate-$15.63 rate paid=$7.82
              Half-time: $7.82 an O/T hour

              $7.82 x 56 O/T hours=$437.92 weekly x 18 weeks=7,882.56

       Total i and ii: $13,882.56

    c.  <u>Nature of wages (e.g., overtime or straight time)</u>

       This amount represents unpaid overtime wages.[1]

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves his rights to amend the calculations.

56.            **2.- Overtime Claim of Plaintiff Ronald S. Restrepo**

   a.  <u>Total amount of alleged unpaid O/T wages</u>:

   Six Thousand Two Hundred Fifty-One Dollars and 68/100 ($6,251.68)

   b.  <u>Calculation of such wages</u>:

   Total weeks of employment:  30 weeks
   Total relevant number of weeks: 28 weeks
   Salary: $1,000.00 weekly

   i.   Overtime from June 01, 2022, to August 9, 2022, or 10 weeks
        Relevant weeks: 10 weeks
        Total number of days worked: 5 days
        Total number of hours worked: 50 hours weekly
        Total number of unpaid O/T hours: 10 O/T hours weekly
        Salary paid: $1,000.00 weekly: 50 hours=$20.00
        Reg. rate: $20.00 x 1.5=$30.00 O/T rate-$20.00 rate paid=$10.00
        Half-time: $10.00 an O/T hour

        $10.00 x 10 O/T hours=$100.00 weekly x 10 weeks=1,000.00

   ii.  Overtime from August 10, 2022, to December 13, 2022, or 18 weeks
        Relevant weeks: 18 weeks
        Total number of days worked: 6 days
        Total number of hours worked: 96 hours weekly
        Total number of unpaid O/T hours: 56 O/T hours weekly
        Salary paid: $1,000.00 weekly : 96 hours=$10.42
        Reg. rate: $10.42 x 1.5=$15.63 O/T rate-$10.42 rate paid=$5.21
        Half-time: $5.21 an O/T hour

        $5.21 x 56 O/T hours=$291.76 weekly x 18 weeks=5,251.68

   Total i and ii: $6,251.68

    c.  <u>Nature of wages (e.g., overtime or straight time)</u> [2]

This amount represents unpaid overtime wages.

57. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provisions to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

58. Defendants Astoria44, Orlando Martinez, and Arlene Martinez knew and showed a reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiffs and those similarly situated are entitled to recover double damages.

59. Defendants willfully and intentionally refused to pay Plaintiffs Jose M. Ruiz and Ronald S. Restrepo overtime wages as required by the law of the United States and remain owing Plaintiffs these overtime wages since the

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves his rights to amend the calculations.

commencement of Plaintiffs' employment with Defendants as set forth above.

60. Plaintiffs seek to recover unpaid overtime wages accumulated from their date of hiring to their last day of employment.

61. Plaintiffs Jose M. Ruiz and Ronald S. Restrepo have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiffs Jose M. Ruiz and Ronald S. Restrepo and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Jose M. Ruiz and Ronald S. Restrepo and other similarly situated and against the Defendants Astoria44, Orlando Martinez, and Arlene Martinez, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs Jose M. Ruiz and Ronald S. Restrepo actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Jury Demand</u>

Plaintiffs Jose M. Ruiz and Ronald S. Restrepo and those similarly situated demand trial by a jury of all issues triable as a right by jury.

**<u>COUNT II:</u>**
**<u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u>**
**<u>PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS</u>**

62. Plaintiffs Jose M. Ruiz and Ronald S. Restrepo re-adopt every factual allegation stated in paragraphs 1-34 of this complaint as if set out in full herein.

63. Defendant Astoria44 was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

64. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

65. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

66. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

67. Defendants Astoria44, Orlando Martinez, and Arlene Martinez employed Plaintiffs Jose M. Ruiz and Ronald S. Restrepo as non-exempted, full-time construction employees.

68. <u>1.- Claim of Plaintiff Jose M. Ruiz.-</u> Defendants employed Plaintiff Jose M. Ruiz from on or about November 01, 2021, to December 26, 2022, or 60 weeks. However,  for FLSA purposes, Plaintiff's relevant employment period is  58 weeks. Plaintiff did not work overtime hours after December 13, 2022.

69. Plaintiff  had duties as a lead construction worker. At the time of hiring, Defendants set a salary of $1,500.00 weekly covering 40 hours of work weekly. However, Plaintiff was required to work more than 40 hours weekly.

70. During his employment with Defendants, Plaintiff Jose M. Ruiz worked as follows:

71. 1.- From November 01, 2021, to August 9, 2022, or 40 weeks.- Plaintiff worked five days per week, from Monday to Friday, a total of 50 hours weekly. Plaintiff has already deducted 2.5 hours of lunchtime.

72. 2.- From August 10, 2022, to December 13, 2022, or 18 weeks.- Plaintiff worked six days per week, a total of 96 hours weekly. Plaintiff has already deducted 3 hours of lunchtime.

73. 2.- Claim of Plaintiff Ronald S. Restrepo.- Defendants employed Plaintiff Ronald S. Restrepo from on or about June 01, 2022, to December 26, 2022, or 30 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 28 weeks. Plaintiff did not work overtime hours after December 13, 2022.

74. Plaintiff had duties as a construction worker. At the time of hiring, Defendants set a salary of $1,000.00 weekly covering 40 hours of work weekly. However, Plaintiff was required to work more than 40 hours weekly. Defendants never paid Plaintiff for overtime hours. as required by law.

75. During his employment with Defendants, Plaintiff worked as follows:

76. 1.- From June 01, 2021, to August 9, 2022, or 10 weeks.- Plaintiff worked five days per week, a total of 50 hours weekly. Plaintiff has already deducted 2.5 hours of lunchtime.

77. 2.- From August 10, 2022, to December 13, 2022, or 18 weeks.- Plaintiff worked six days per week, a total of 96 hours weekly. Plaintiff has already deducted 3 hours of lunchtime.

78. While employed by Defendants, Plaintiffs Jose M. Ruiz and Ronald S. Restrepo worked a tremendous amount of overtime hours, but they were not paid for overtime hours, at any rate, not even at the minimum wage rate as required by law.

79. Plaintiffs did not clock in and out, but Defendants were in complete control of Plaintiffs schedule, and they knew that Plaintiffs were working many overtime hours without appropriate compensation.

80. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

81. Plaintiffs were paid bi-weekly by direct deposit, without paystubs providing information about the number of days and hours worked, wage rate paid, employee taxes withheld etc.

82. Plaintiffs complained many times about the excess number of overtime hours worked without remuneration. Defendant Orlando Martinez

promised Plaintiffs, that he would fix the problem soon, but he never corrected the problem.

83. On or about December 23, 2022, Plaintiff Jose M. Ruiz, on behalf of himself and Plaintiff Ronald S. Restrepo, complained to owner Orlando Martinez about unpaid overtime wages and demanded to be paid for overtime hours.

84. This complaint constituted protected activity under the FLSA.

85. However, as a result of Plaintiffs' complaint, Defendants fired Plaintiffs on or about December 26, 2022.

86. At all times during her employment, Plaintiffs performed their work satisfactorily. There was no reason other than unlawful employment practices to discharge Plaintiffs.

87. There is close proximity between Plaintiffs' protected activity and their discharge.

88. The motivating factor which caused Plaintiffs' termination, as described above, was their complaints seeking unpaid regular and overtime wages from Defendants. In other words, Plaintiffs would not have been discharged but for their complaints about unpaid wages.

89. Defendants' termination of Plaintiffs was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiffs have been damaged.

90. Plaintiffs Jose M. Ruiz and Ronald S. Restrepo have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiffs Jose M. Ruiz and Ronald S. Restrepo respectfully request that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Astoria44, Orlando Martinez, and Arlene Martinez that Plaintiffs Jose M. Ruiz and Ronald S. Restrepo recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiffs recover an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Astoria44, Orlando Martinez, and Arlene Martinez to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.  Plaintiffs Jose M. Ruiz and Ronald S. Restrepo further pray for such

additional relief as the interests of justice may require.

Demand for a Jury Trial

Plaintiffs Jose M. Ruiz and Ronald S. Restrepo demand a trial by a jury of all

issues triable as of right by a jury.

Date:  January 30, 2023

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*