UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.: 6:23.: 6:23-cv-00160-CEM-EJK

Ronald S. Restrepo,
and Jose M. Ruiz,

      Plaintiffs,

v.

Astoria44, LLC,
Orlando Martinez, individually,
and Arlene Martinez, individually,

      Defendants.
_____/

## JOINT MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

Plaintiffs, RONALD S. RESTREPO and JOSE M. RUIZ (hereinafter, collectively as "Plaintiffs"), and Defendants, ASTORIA44, LLC., ORLANDO MARTINEZ, and ARLENE MARTINEZ (hereinafter, collectively as "Defendants"), by and through their respective undersigned counsel, hereby file this Joint Motion for Entry of Order Approving Settlement and jointly request that this Honorable Court approve the settlement reached in this matter and dismiss this case with prejudice, and in support thereof, state:

## MEMORANDUM OF LAW

### I.   Legal Principles

This is an action brought by Plaintiffs for alleged unpaid overtime wages and

retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 210 *et. seq*. Defendants deny any and all liability with regards to Plaintiffs' claims, including the amount of any alleged unpaid wages in this action and assert that Plaintiffs were at all times properly compensated under the FLSA.

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which contested claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id*. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's

overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiffs' FLSA claims against Defendants. The proposed settlement arises out of an action brought by Plaintiffs against their alleged former employers, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. Most significantly, Defendants claim they paid Plaintiffs all wages owed. Notwithstanding, although Defendants dispute their liability for the allegedly owed wages to Plaintiffs, they have ultimately agreed to pay Plaintiffs in full settlement of the disputed claims.

With regards to legal fees, a court reviewing an FLSA settlement must review "the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 2009 WL 73164, *2 (11th Cir. Jan. 13, 2009). In the wake of *Silva*, persuasive district court authority has deemed scrutiny of the reasonableness of plaintiff's agreed-upon attorney's fees to be unnecessary in an FLSA settlement where "the plaintiff's

attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff," except in circumstances where "the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)[1]; *see also Wing v. Plann B Corp.*, 2012 WL 4746258, *4 (M.D. Fla. Sept. 17, 2012) (declining to examine reasonableness of attorney's fee payment in FLSA settlement where the FLSA claims were compromised, there was a reasonable basis for such compromise, and "Plaintiff's claims were resolved separately and apart from the issue of attorneys' fees," such that "there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees and costs to be paid to Plaintiff's counsel").

As explained in *Bonetti,* "the best way to ensure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims, (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims, and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

the fees of the plaintiff's counsel are considered. If these matters are addressed

independently and seriatim, there is no reason to assume that the lawyer's fee has

influenced the reasonableness of the plaintiff's settlement." 715 F. Supp. 2d at 1228.

In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes
> a compromise of the plaintiff's claims; (2) makes full and adequate
> disclosure of the terms of settlement, including the factors and
> reasons considered in reaching same and justifying the compromise
> of the plaintiff's claims; and (3) represents that the plaintiff's
> attorneys' fee was agreed upon separately and without regard to the
> amount paid to the plaintiff, then, unless the settlement does not
> appear reasonable on its face or there is reason to believe that the
> plaintiff's recovery was adversely affected by the amount of fees paid
> to his attorney, the Court will approve the settlement without
> separately considering the reasonableness of the fee to be paid to
> plaintiff's counsel.

*Id.*

## II.   Terms of Settlement

1.   This case involves claims made by Plaintiffs for alleged unpaid overtime

wages and retaliation under the FLSA.

2.   Defendants' position in this matter is that it accurately and fully paid

Plaintiffs.  Additionally, Defendants deny any retaliation ever occurred.

3.   Notwithstanding, after extensive negotiations held from the

commencement of this action, including mediation, the parties were able to

reach a settlement between them that resolved all of Plaintiffs' claims,

including those for attorney's fees and costs, which were negotiated

separate and apart.

4.    Plaintiffs and Defendants herein state that the settlement reached between them with respect to Plaintiffs' claimed FLSA damages represents a fair and reasonable resolution of disputed claims and that the terms of the settlement are acceptable to both Plaintiffs and Defendants.  Specifically, based upon their respective estimates of Plaintiffs' underlying claims and their claims for attorneys' fees and costs, the parties negotiated the settlement amount herein.

5.    With regards to Plaintiff RONALD S. RESTREPO, in settlement, Plaintiff RONALD S. RESTREPO will be paid a total of $5,000.00 as full relief and compensation of any alleged unpaid overtime wages, liquidated damages and any other wage claims he may have against Defendants under the FLSA.  From the total amount of $5,000.00, $2,500.00 shall be allocated in satisfaction of Plaintiff's claim for "unpaid wages"; and $2,500.00 shall be allocated in satisfaction of Plaintiff's claim for "liquidated damages" and any other wages claimed by Plaintiff under the FLSA in this action.  The parties agree that upon careful review of Plaintiff's dates of alleged employment; days per week Plaintiff actually worked; hours which Plaintiff worked; time and pay records; and all available evidence pertaining to Plaintiff's employment, this amount represents a fair and reasonable

compromise of the disputed claims.

6. With regards to Plaintiff JOSE M. RUIZ, Plaintiff JOSE M. RUIZ will be paid a total of $12,500.00 as full relief and compensation of any alleged unpaid overtime wages, liquidated damages and any other wage claims he may have against Defendants under the FLSA.  From the total amount of $12,500.00, $6,250.00 shall be allocated in satisfaction of Plaintiff's claim for "unpaid wages"; and $6,250.00 shall be allocated in satisfaction of Plaintiff's claim for "liquidated damages" and any other wages claimed by Plaintiff under the FLSA in this action.  The parties agree that upon careful review of Plaintiff's dates of alleged employment; days per week Plaintiff actually worked; hours which Plaintiff worked; time and pay records; and all available evidence pertaining to Plaintiff's employment, this amount represents a fair and reasonable compromise of the disputed claims.

7. Notwithstanding, the parties agree that there are genuine disputes as to whether or not Plaintiffs worked the alleged number of hours on a weekly basis; whether or not Plaintiffs were in fact paid properly for all hours Plaintiffs allegedly worked, including overtime; whether or not Plaintiffs were ever subjected to any sort of retaliation; and whether or not any alleged violations of the FLSA, if any, were willful.  Notwithstanding, based on the disputed issues of fact, Plaintiffs could have been barred from any recovery

in this matter with regards to their claims under the FLSA had Defendants prevailed on their defenses, and/or had Plaintiffs not been able to establish their claims at trial.

8.   Accordingly, the amount of this settlement to Plaintiffs are fair and reasonable given that: All Plaintiffs are receiving substantial compensation in settlement of their FLSA claims: Plaintiffs' claims are highly disputed; and the fact that Plaintiffs could be barred from recovery in this matter should Defendants prevail on their defenses or should Plaintiffs not be able to establish their claims at trial.  Additionally, this settlement is also reasonable given the high costs of defending and litigating this matter further and the time and resources which would have been expended by both parties in taking this matter to trial.  This settlement was arrived at after considerable negotiation by the parties, and Defendants do not admit any liability in this action.

9.   Separate and apart, Plaintiff's counsel shall receive $10,200.00 in attorney's fees and $800.00 in costs incurred in connection with Plaintiffs' claims. Plaintiffs' counsel, who has over 17 years of experience litigating employment related matters, charges an hourly rate of $400.00.  This rate has been consistently approved this by Courts in this District as well as Courts in the Southern and Northern Districts of Florida. ("Counsel

represents that his billable rate is $400 an hour, Dkt. 26, which the Court finds is reasonable in view of the rates typically charged in this district for attorneys with similar experience." See, *Buckpitt v. Sonic Car Wash Systems LLC.*, Case No.: 6:23-cv-158-PGB-RMN, [D.E. 27] (M.D. Fla. Jun. 8th, 2023). ("Plaintiff's counsel, Mr. Zandro E. Palma, Esq., charges an hourly rate of $400.00 for litigating employment cases in both federal and state court. [27-2] at 3. The Court does not find this hourly rate excessive. See, e.g., *Toledo v. Vioss Vision, Inc.*, No. 18-20309-CIV, 2019 WL 5689246, at *2-3 (S.D. Fla. Oct. 31, 2019) (finding counsel's hourly rate of $425.00 to be reasonable where the attorney had been a member of the Florida Bar for twenty years, was the founder of his law firm, and specialized in employment and labor matters)" See, *Restrepo v. Modern Roofing Experts, Inc., et al.*, Case No.: 2:21-cv-14080-KMM, [D.E. 28] (S.D. Fla. Apr. 2, 2021). "[Mr. Palma's] customary rate for new clients is $400.00 per hour. See [ECF No. 46-1 at ¶ 12]. Based on the Court's expertise and familiarity, regarding prevalent market rates for attorneys with like experience to Plaintiffs' counsel herein, the Court finds the hourly rate of $400.00 per hour reasonable under the circumstances." See, *Briseno, et al. v. Cuprys and Associates, et al.*, Case No.: 2:22-cv-20139-LMR, [D.E. 47] (S.D. Fla. Jul. 22nd, 2022).

10.    Plaintiffs' counsel hereby certifies that he has expended over 32 hours on

this matter to date, which includes time spent reviewing employment records, settlement negotiations, mediation, attorney-client communications, and other off-the-record activity. Notwithstanding, Plaintiffs' counsel's attorney's fees and costs were negotiated separate and apart. Consequentially, the amount of fees and costs negotiated did not compromise in any way the amount allocated to Plaintiffs and Plaintiffs' recovery was not adversely affected by the amount of fees and costs to be paid to their attorney.

11.    As set forth by the cited authority above, because attorney's fees and costs were determined separately and apart from Plaintiffs' recovery, this Honorable Court should find that the settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiffs and approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiffs' counsel.

12.    The parties' settlement agreement is attached hereto as **Exhibit A**.

13.    The attached agreement includes every term and condition of the parties' settlement.

14.    Having agreed to the terms of the settlement reached, Plaintiffs and Defendants respectfully request that this Honorable Court approve the settlement between the parties.

15.     Accordingly, the parties respectfully request that this Court approve the Settlement attributed to Plaintiffs' FLSA claims, dismiss this action with prejudice, and otherwise deny any pending motions as moot.

WHEREFORE, the Parties respectfully request that this Honorable Court approve the parties' settlement, dismisses this action with prejudice, and deny any pending motions as moot.

DATED this 19th day of December 2023.


Respectfully submitted,

/s/ *Zandro E. Palma, Esq.*
Zandro E. Palma, Esq.
Florida Bar No.: 0024031
**ZANDRO E. PALMA, P.A.**
9100 S. Dadeland Blvd.,
Suite 1500
Miami, Florida 33156
Telephone No.: (305) 446-1500
Facsimile No.: (305) 446-1502
zep@ThePalmaLawGroup.com

*Attorney for Plaintiffs*

/s/ *Bertha L. Burruezo, Esq.*
**BERTHA L. BURRUEZO, ESQ.**
Florida Bar Number 0596973
bertha@burruezolaw.com
**EDSON ABADIA, JR., ESQ.**
Florida Bar Number 1039911
edson@burruezolaw.com
**BURRUEZO & BURRUEZO, PLLC**
5550 W. Executive Dr. #250
Tampa, Florida 33609
Office: 407.754.2904
Facsimile: 407.754.2905

*Attorneys for Defendants*